Tressie G. SWART, Appellant,

v.

Allen J. SAMPLES, Appellee.

No. 6969.

Court of Civil Appeals of Texas.

Amarillo.

June 20, 1960.

Rehearing Denied Sept. 6, 1960.

Brummett & Kimmel, Lubbock, for appellant.

Vickers & Vickers, Lubbock, for appellee.

NORTHCUTT, Justice.

Appellant, Mrs. Tressie G. Swart, brought this action against appellee, Allen J. Samples, to nullify two written lease contracts. Appellant contended her signature on the contracts was obtained by fraud on the part of appellee in that appellee inserted the two contracts in and among a group of soil bank papers which appellant had agreed to sign, and without appellant being advised by the appellee that the lease contracts were among the papers. Appellant further contending, without knowing of such fact, and thinking she was signing only the soil bank papers, she signed the lease contracts relying upon appellee's representations that she was signing soil bank papers.

It was the contention of appellee that he did not misrepresent anything to appellant at any time, but took the papers to her and told her to read them over and do whatever she wanted to do, but she signed without reading them.

The case was submitted to a jury upon special issues. Special Issues 1 and 4 inquired as to whether appellant signed the leases without knowing she was giving appellee a lease upon the farm. Issues 2 and 5 ask whether appellee by fraud induced appellant to sign the lease without knowing it was a lease by representing to her or leading her to believe she was only signing the soil bank papers. Issues 3 and 6 ask if appellant relied upon the representations of appellee that the papers were soil bank papers only, if they found such representations were so made, in signing the lease contract. Issues 7 and 8 ask if appellant in signing the lease without reading the same failed to use the care which an ordinarily prudent person would have used under the same or similar circumstances. The jury did not answer Special Issues 1, 3, 4, and 6, but answered "no" to Special Issues Nos. 2 and 5 and answered Nos. 7 and 8 "She failed to use ordinary care."

Neither of the parties heretofore in any manner objected to the submission of the special issues as given by the court. The trial court granted judgment for the appellee, defendant below, and from that judgment appellant perfected this appeal.

■ By appellant's first point of error it is contended the court erred in failing to grant appellant's motion for judgment non obstante veredicto, or in the alternative for mistrial or a new trial, because appellant established as a matter of law by the great and overwhelming weight of the testimony that appellant was induced to execute the two lease agreements by virtue of fraud, misrepresentation and concealment on the part of the appellee. We have carefully considered all the evidence and we cannot agree with the contention of appellants.

After presenting the appellant's first assignment of error the appellant's second assignment complains of the trial court considering the findings of the jury in answers to Special Issues Nos. 2 and 5. The trial court filed findings of fact and conclusions of law and in the conclusions of law the trial court stated:

"Because of the instructions that immediately preceded Special Issues Nos. 2 and 5, which instructed the jury to answer each issue only in the event the preceding issue had been answered 'yes', the court concludes that the jury's answers to these issues, contrary to the court's instructions, were not responsive and should be treated as surplusage, and therefore are not controlling issues under the circumstances."

The trial court in the conclusions of law specifically held as follows:

"The Court concludes that the jury's answers to Special Issues 7 and 8, finding the plaintiff was negligent in signing each of the leases in question without reading them, was a controlling issue as to each lease in question, and by such answers, the defendant was entitled to judgment upholding the respective leases."

Since the record shows the trial court rendered judgment solely upon the answers

to Special Issues Nos. 7 and 8, we overrule all of appellant's assignments of error, except assignment numbers 6 and 7. Appellant's sixth assignment of error contended that the court erred in submitting Special Issues Nos. 7 and 8 and in rendering judgment thereon because there were no pleadings warranting such submission. As heretofore stated appellant did not in any manner object to the charge given by the court.

Appellee had been renting the farm in question for several years before the death of Mr. Swart. At some time after the death of Mr. Swart, the appellee told Mrs. Swart they could put 20 acres of a lake that was on the farm in the soil bank and they would receive $13 per acre per year and that if she would sign the contract she could have all of the money from the soil bank. Although this record shows under the soil bank regulations the tenant receives two-thirds of the soil bank funds and the landlord receives the other one-third. On November 19, 1956, Mrs. Swart signed a lease with appellant leasing the land to him for a period of 6 years. Appellant received all the soil bank proceeds for the year 1957, although the check for two-thirds of the proceeds was made payable to appellee, he gave it to appellant. Appellant was holding the 1958 soil bank check until this matter was settled. Then early in 1958 appellee told appellant they could place another 20 acres of said lake in the soil bank. Appellee secured the soil bank papers and another lease contract and took them to appellant and on February 7, 1958, Mrs. Swart signed the lease and soil bank papers without ever reading them. This last lease expires December 31, 1960.

The effect of the contention as made by appellant is that when she and appellee were discussing the matter of placing the acreage in the soil bank and he brought the soil bank papers to her to sign she thought all of the papers were the soil bank papers. There is nothing in this record to show appellant was kept from reading the instruments but she signed them without reading

them and should not now be heard to complain. It is stated in Atkins et al. v. Womble, Tex.Civ.App., 300 S.W.2d 688, 704, (writ refused NRE):

"So far as the record shows no one kept her from reading the instruments before signing them. She was free to do so, therefore will not be heard to complain on that score. Associated Employers Lloyds v. Howard, 156 Tex. 277, 294 S.W.2d 706; Pioneer Building & Loan Ass'n v. Johnston, Tex.Civ. App., 117 S.W.2d 556; Parker v. Schrimsher, Tex.Civ.App., 172 S.W. 165." See also Pioneer Building & Loan Ass'n v. Johnston, Tex.Civ.App., 117 S.W.2d 556 (writ dismissed).

Appellant's Point 6 is overruled. As to appellant's Point 7 contending there was misconduct of the jury, we do not think there was any misconduct shown, and overrule appellant's seventh point of error.

Judgment of the trial court is affirmed.